IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORTHERN MICHIGAN HOSPITALS, INC. and GIFFORD MEDICAL CENTER, INC., *for themselves and on behalf of all other similarly situated class members*,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTH NET FEDERAL SERVICES, LLC (f/k/a HEALTH NET FEDERAL SERVICES, INC.),<br><br>Defendant. | Civil Action No. 07-39 (GMS)<br><br>JURY TRIAL DEMANDED |

## DEFENDANT HEALTH NET FEDERAL SERVICES, LLC'S RESPONSE TO THE STATEMENT OF INTEREST OF THE UNITED STATES

OF COUNSEL:

Arthur N. Lerner
Kathleen Taylor Sooy
Christopher Flynn
Tracy A. Roman
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: 202-624-2500
Facsimile: 202-628-5116

Dated: October 12, 2007
825273/31173

Richard L. Horwitz (Del. Bar. 2246)
Jennifer Gimler Brady (Del. Bar 2874)
Jennifer C. Wasson (Del. Bar 4933)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
P.O. Box 951
Wilmington, Delaware 19899-0951
Phone: 302-984-6000
Facsimile: 302-658-1192
rhorwitz@potteranderson.com – Email
jbrady@potteranderson.com – Email
jwasson@potteranderson.com – Email

Attorneys for Defendant
Health Net Federal Services, LLC

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ..........................................................................................................................1

ARGUMENT..................................................................................................................................2

I.     THE GOVERNMENT HAS CONFIRMED THAT PLAINTIFFS' ENTIRE CASE IS BASED ON A COMPLETE MISUNDERSTANDING OF TMA'S GOVERNING REGULATIONS.......................................................................................2

II.    THE PLAINTIFFS FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES PRIOR TO SEEKING REDRESS FROM THIS COURT ..........................4

III.   THE GOVERNMENT IS A REAL PARTY IN INTEREST.........................................7

IV.   THE GOVERNMENT IS A NECESSARY AND INDISPENSABLE PARTY TO THIS CASE ..................................................................................................................9

CONCLUSION.............................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allegheny Gen. Hosp. v. Phillip Morris, Inc.*,
228 F.3d 429 (3d Cir. 2000) ................................................................................................. 4

*Board of Trustees of Bay Medical Center v. Humana*,
447 F.3d 1370 (Fed. Cir. 2006) ........................................................................................... 9

*Christman v. Grays*,
No. 05-cv-192, 2005 WL 3088529 (S.D. Ohio Nov. 17, 2005) ........................................... 8

*Clark Oil, Inc. v. Texaco*,
609 F. Supp. 1373 (D. Del. 1985) .................................................................................... 3, 6

*Enterprise Mgmt. Consultants v. United States*,
883 F.2d 890 (10th Cir. 1989) ........................................................................................... 10

*First Jersey Sec., Inc. v. Bergen*,
605 F.2d 690 (3d Cir. 1979) ............................................................................................. 6, 7

*Ghana v. Holland*,
226 F.3d 175 (3d Cir. 2000) ............................................................................................. 6-7

*Murphy Exploration & Production Co. v. U.S. Dep't of the Interior*,
252 F.3d 473 (D.C. Cir. 2001) ...................................................................................... 7, 10

*Richman Bros. Records, Inc. v. U.S. Sprint Communications Co.*,
953 F.2d 1431 (3d Cir. 1991) .............................................................................................. 7

*Robertson v. Methow Valley Citizens Council*,
490 U.S. 332 (1989) ............................................................................................................ 3

*Spence v. Straw*,
54 F.3d 196 (3d Cir. 1995) .................................................................................................. 6

*Taylor v. Savage*,
C.A. No. 05-10-0032, 2007 WL 549913 (Del. Ct. Com. Pl. Jan. 2, 2007) ......................... 4

*Thomas Jefferson University v. Shalala*,
512 U.S. 504 (1994) ........................................................................................................ 3, 6

*Trauma Serv. Group v. Keating*,
907 F. Supp. 110 (E.D. Pa. 1995) ....................................................................................... 6

*Your Home Visiting Nurse Servs. v. Shalala*,
525 U.S. 449 (1999) ............................................................................................................ 5

**Statutes and Regulations**

32 C.F.R. § 199.2(b) .................................................................................................... 5

32 C.F.R. § 199.4(f)(2)-(3) .......................................................................................... 8

32 C.F.R. § 199.10 ...................................................................................................... 4

32 C.F.R. § 199.10(a)(8)(i)(B) .................................................................................... 4

32 C.F.R. § 199.14(a)(5)(xi) .................................................................................. 3, 5

**Rules**

Fed. R. Civ. P. 19 .................................................................................................. 2, 10

Fed. R. Civ. P. 19(a)(2)(i) ......................................................................................... 10

Fed. R. Civ. P. 19(b) ................................................................................................. 10

**Other Authorities**

TOM Chapter 13, § 3, ¶ 6.8.2 ..................................................................................... 4

Pursuant to the Court's Order dated October 4, 2007, Defendant Health Net Federal Services ("Health Net"), by and through counsel, hereby respectfully submits the following response to the Statement of Interest of the United States in this matter.

## **INTRODUCTION**

In its Statement of Interest, the United States completely dispels any notion that Plaintiffs are entitled to recover additional "facility charges" from Health Net. Indeed, the United States informs the Court that Plaintiffs have blatantly "misrepresented the DoD's interpretation of [its] own regulations" in claiming entitlement to additional sums from Health Net for outpatient services rendered to TRICARE beneficiaries. These regulations, according to the Government, do not permit the additional compensation that Plaintiffs seek. The Government's interpretation of its own regulations and other guidance, as expressed in the Statement of Interest, is entitled to substantial deference from the Court. As a result, the Court should dismiss Plaintiffs' Complaint in its entirety because it is, at best, based on a misguided interpretation of the TRICARE Management Authority's ("TMA") regulations.

Similarly, the United States agrees with Health Net that the Plaintiffs should have exhausted the administrative remedies set forth in the TRICARE appeals process prior to seeking redress in this Court. Plaintiffs failed to do so. Again, the TMA's interpretation requiring exhaustion of administrative remedies is entitled to substantial deference. Accordingly, since Plaintiffs failed to exhaust their administrative remedies, the Complaint should be dismissed.

Finally, while the Government and Health Net completely agree that Plaintiffs' claims are baseless, Health Net nevertheless respectfully disagrees with the Government's arguments that it should not be a party to this action. In sharp contrast to its interpretation of its own regulations, the Government is not entitled to any deference regarding whether it is a necessary party to this dispute. The Government is the real party in interest in this litigation and is also a

necessary and indispensable party under Fed. R. Civ. P. 19. The Government's arguments to the contrary are unpersuasive and should be rejected.

## ARGUMENT

### I. THE GOVERNMENT HAS CONFIRMED THAT PLAINTIFFS' ENTIRE CASE IS BASED ON A COMPLETE MISUNDERSTANDING OF TMA'S GOVERNING REGULATIONS

In their Complaint, the Plaintiffs claim that (i) the regulations governing TRICARE, (ii) TMA's longstanding policy, and (iii) the DoD's letter of April 14, 2006, support their claim to be paid facility charges in addition to TMA's allowable charge for outpatient services rendered to TRICARE beneficiaries. Complaint, ¶ 52. Plaintiffs reiterate this position in opposing Health Net's motion to dismiss, claiming that they are entitled to *both* the TMA "allowable charge" and a separate "facility charge" associated with the same outpatient services. Pl. Br. at 32. Indeed, Plaintiffs go so far as to argue that their lawsuit is tantamount to a "demand[ ] that [Health Net] *abide* by the TRICARE regulations. ..." Pl. Br. at 26 (emphasis in original). The Government, however, completely rejects Plaintiffs' interpretation of the TRICARE regulations and other guidance in its Statement of Interest.

In its Statement of Interest, the Government pointedly denounces the Plaintiffs' skewed reading of the governing regulations which allegedly entitle them to payment at a "billed charge" rate for services already subject to CHAMPUS Maximum Allowable Charges ("CMACs"). The Government reasons that

> [t]he complaint alleges that defendant must reimburse plaintiffs' health care claims in excess of the fixed CMACs for particular services on the theory that the amounts exceeding the CMACs are "facility charges." These allegations are premised on a misinterpretation of DoD's regulations.

Statement of Interest at 1-2.

The Government likewise explains that "it appears that plaintiffs seek reimbursement for their health care claims in excess of the fixed CMACs for particular services on the theory that the amount exceeding the CMAC is a 'facility charge.'" Statement of Interest at 20. According to the Government, however, the TRICARE regulations do not provide for payment of claims in this manner. Statement of Interest at 20.

The Government further exposed the myth of Plaintiffs' position, noting as follows:

> [u]nder DoD regulations, when there is a CMAC, that is the maximum amount TRICARE can pay for that claimed service; no other charges for the same service are payable by TRICARE. ... The TRICARE Reimbursement Manual 6010.55-M discusses the CMAC pricing for services and sets forth the policy that '[o]ther services without allowable charges, such as facility charges, shall be paid as billed.' Ch. 1, Sec. 24. This makes clear that only services that do not have CMACs (i.e. allowable charges), will be paid as billed.

*Id.* at 21. The Government's interpretation of the facility charge regulation is the only logical explanation of its meaning and is entitled to substantial deference by this Court. *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 359 (1989); *see also, Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994). Indeed, if courts act "without ... consideration of what a specialized agency has to offer[,] 'parties who are subject to the agency's continuous regulation may become the victims of uncoordinated and conflicting requirements.'" *Clark Oil, Inc. v. Texaco*, 609 F. Supp. 1373, 1381 (D. Del. 1985).

Plaintiffs asserted common law claims of breach of an implied-in-fact contract and unjust enrichment against Health Net based on the theory that the facility charge regulation, 32 C.F.R. § 199.14(a)(5)(xi), requires Health Net to pay the billed charge for outpatient services already covered by CMACs. The Government has now dispelled any notion that the facility charge regulation permits Plaintiffs to collect billed charges for outpatient services covered by CMACs. As a result, neither of Plaintiffs' common law claims can survive Health Net's motion to dismiss.

*See Allegheny Gen. Hosp. v. Phillip Morris, Inc.*, 228 F.3d 429, 447 (3d Cir. 2000) (where the legal obligation upon which the mutuality of obligation rests is illusory, a claim for breach of an implied contract will not lie); *Taylor v. Savage*, C.A. No. 05-10-0032, 2007 WL 549913, at *2 (Del. Ct. Com. Pl. Jan. 2, 2007) (Exhibit H to Health Net's Motion to Dismiss) (in order to prove unjust enrichment, a plaintiff must prove that it conferred a benefit upon the defendant and that it is inequitable for the defendant not to pay for that benefit). Both of Plaintiffs' claims are completely dependent on a reading of the TRICARE regulations that, according to both the Government and Health Net, strains credulity. Accordingly, the Court should dismiss Plaintiffs' claims with prejudice.

## II. THE PLAINTIFFS FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES PRIOR TO SEEKING REDRESS FROM THIS COURT

In its Statement of Interest, the Government crystallized for the Court the requirement that Plaintiffs exhaust their administrative appeals before bringing the instant action. As the Plaintiffs' Complaint makes abundantly clear, the Plaintiffs refused to pursue their administrative appeal remedies under the misguided contention that such appeals would be futile. Complaint, ¶¶ 37-38. The Statement of Interest makes clear that Plaintiffs' futility argument is a red herring solely designed to avoid agency fact-finding that would be fatal to the Plaintiffs' claims.

Under the applicable DoD regulations, appealable issues are defined as "[d]isputed questions of fact which, if resolved in favor of the appealing party, would result in the authorization of [TRICARE] benefits. ..." TOM, Ch. 13, § 2, ¶ 3.2 (Appendix p. A37); 32 C.F.R. § 199.10. If a non-network provider is dissatisfied with an initial review by a TRICARE contractor, the provider has the right to a second level of review by the TMA. TOM, Ch. 13, § 3, ¶ 6.8.2 (Appendix p. A54); 32 C.F.R. § 199.10(a)(8)(i)(B). In defense of its failure to exhaust, Plaintiffs claim that the TRICARE appeals process is not the proper venue for adjudication of the

meaning of the facility charge regulation at issue in this case. Pl. Br. at 31-32. Yet, as the Government points out in its Statement of Interest, the Plaintiffs' characterization regarding the non-appealability of the facility charge regulation is "nonsensical." Health Net concurs.

The Government correctly identifies "[t]he underlying [appealable] issues [as] whether plaintiffs' incurred charges fall within the definition of facility charges and whether plaintiffs properly claimed these charges." Statement of Interest at 16. Indeed, there is no dispute that, under the facility charge regulation, true facility charges are paid as billed. *See* 32 C.F.R. § 199.14(a)(5)(xi). The Government notes in its Statement of Interest, however, that Plaintiffs should be required to administratively appeal the subject claims pursuant to TMA rules because "plaintiffs do not specifically allege that they incurred costs that fit the definition of 'facility charges' under 32 C.F.R. § 199.2(b), nor do they specifically allege that they billed 'facility charges' and were denied payment on those specific charges . . . ." Statement of Interest at 16.

The Government articulates to the Court the importance of requiring Plaintiffs to exhaust their appeal remedies, reasoning that

> [i]f plaintiffs present evidence in the administrative process that they incurred facility charges, that they properly submitted claims for those charges, and that those claims were not paid, then the appeal process could vindicate plaintiffs. Plaintiffs should not be permitted to avoid their evidentiary burden by alleging generally ... that they properly billed for 'outpatient services', but failing to provide sufficient detail to determine if any claim for facility charges was properly made and erroneously denied.

Statement of Interest at 16. The Government's reasoning for requiring exhaustion of the appeals process under the facts alleged here is unassailable and entitled to significant deference.

The Government's interpretations of its regulations in determining what is, in fact, appealable is subject to substantial deference. *See Your Home Visiting Nurse Servs. v. Shalala*, 525 U.S. 449, 453 (1999) (agency's determination that a refusal to re-open cost reports was not

an appealable final determination under regulations was "well within the bounds of reasonable interpretation, and hence entitled to deference."). This is especially true where, as here, the regulations involve "a complex and highly technical regulatory program" such as TRICARE. *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994); *see also*, *Clark Oil, Inc.*, 609 F. Supp. at 1381 (If courts "act without any consideration of what a specialized agency has to offer[,] 'parties who are subject to the agency's continuous regulation may become the victims of uncoordinated and conflicting requirements.'") (internal citations omitted).

If the Plaintiffs are permitted to ignore the comprehensive administrative appeals process established by the TMA, that process is essentially rendered a nullity. "For administrative [appeal] procedure[s] to operate effectively, it is essential that courts refrain from interfering with the process unnecessarily." *First Jersey Sec., Inc. v. Bergen*, 605 F.2d 690, 696 (3d Cir. 1979). That is especially the case here where the application of the governing regulations turn on an understanding of technical issues that fall within the particular expertise of the TMA. *See Trauma Serv. Group v. Keating*, 907 F. Supp. 110, 113 (E.D. Pa. 1995).

The Court should likewise prohibit Plaintiffs from subverting the tailored expertise involved in the TMA's appeals process by simply recasting their regulatory dispute into common law claims for breach of an implied-in-fact contract and unjust enrichment. *See Spence v. Straw*, 54 F.3d 196, 203 (3d Cir. 1995) ("… challenging the same conduct under another provision of law must fail because it would 'allow [Congress's] careful and thorough remedial scheme to be circumvented by artful pleading.'") (alteration in original). Given the comprehensive TMA appeal process available to Plaintiffs, the Court should avoid any judicial involvement until such time as Plaintiffs have attempted to vindicate their claims before the agency. *See Ghana v.*

*Holland*, 226 F.3d 175, 184 (3d Cir. 2000); *First Jersey Sec.*, 605 F.2d at 695 (internal citations omitted).[1]

### III. THE GOVERNMENT IS A REAL PARTY IN INTEREST

The Government contends that it is not a real party in interest in this litigation because it is not alleged to be a party to the putative implied contract between Plaintiffs and Health Net. Administrative agencies, including the TMA, do not possess specialized knowledge regarding identification of the real parties in interest in court actions. The Government, as a result, is not entitled to any deference on the issue of whether it is a real party in interest in this action. *See, e.g., Murphy Exploration & Prod. Co. v. U.S. Dep't of the Interior*, 252 F.3d 473, 478-79 (D.C. Cir. 2001) (no deference to agency views on a jurisdictional issue because the agency possessed no expertise regarding jurisdictional issues). Moreover, the reasons the Government advances for keeping itself out of this litigation are unpersuasive.

Plaintiffs allege that Health Net, not the Government, is the real party in interest because the "at risk" nature of Defendant's contract with TMA puts only Health Net's funds at stake in this action. Plaintiffs' Brief in Support of Motion to Dismiss ("Pl. Br.") at 19. Yet, in its Statement of Interest, the Government admits that Health Net is only at risk under its MCS Contract for administrative costs and incentive payments. Statement of Interest at 6. The Government likewise acknowledges that Plaintiffs do not seek administrative costs or incentive payments in their Complaint. Statement of Interest at 6. As a result, the Government has

---

[1] Alternatively, the Court should stay or dismiss the instant action under the doctrine of primary jurisdiction. Primary jurisdiction permits a court to refer an issue to an administrative agency that requires expert administrative discretion. *See Richman Bros. Records, Inc. v. U.S. Sprint Commc'ns Co.*, 953 F.2d 1431, 1435 n.3 (3d Cir. 1991).

debunked Plaintiffs' argument that Health Net is the only real party in interest "because [of] the 'at-risk' nature of [Health Net's] contract with TMA . . . ." Pl. Br. at 19.

More importantly, the Government fails to even acknowledge, and thereby apparently concedes, the point addressed by Health Net in its moving papers that, to the extent that the Court finds that Plaintiffs are entitled to additional reimbursement under their theory of recovery, TRICARE beneficiaries are likewise liable for deductibles affected by increased payments to Plaintiffs, as well as up to 25% of the costs of care provided in an outpatient, non-network setting.[2] Health Net Reply Brief at 9-10. This fact necessitates a finding that the Government is a real party in interest.

The Government has acknowledged that it is the real party in interest where beneficiary funds are at stake. *See, e.g., Christman v. Grays*, No. 05-cv-192, 2005 WL 3088529, at *2 (S.D. Ohio Nov. 17, 2005) (the Government admitted that, where a TRICARE beneficiary might be held liable for sums in excess of the program allowable amounts, the United States is responsible for the judgment and is therefore the real party in interest). Since TRICARE beneficiaries would be responsible for part of the costs if Plaintiffs prevailed in this action, the United States is the real party in interest and must be substituted as the appropriate defendant.

Additionally, the Government claims that Health Net is not acting as a "government agent" in this matter because Plaintiffs are alleging the right to payment under a private agreement with Health Net. Statement of Interest at 6. The Plaintiffs, however, admit that they are only seeking to be paid what is required by the facility charge regulation. Pl. Br. at 26 (Plaintiffs "are demanding that Defendant abide by the TRICARE regulations . . . ."). The

---

[2] *See* 32 C.F.R. § 199.4(f)(2) and (f)(3).

alleged contract, therefore, is one to pay what is required by TMA's own regulations. An "implied contract" to pay non-participating provider claims according to the TRICARE regulations is no different than Health Net's obligation to do the same thing as an MCS Contractor in the TRICARE program and, therefore, a finding against Health Net constitutes a finding that the Government is misapplying its own governing regulations. As a result, the Government's attempt to insulate itself from joinder as a party to this action on the grounds that there is a separate and distinct contract between Plaintiffs and Health Net is belied by the very terms of that purported contract.

Finally, the Government contends that it is not a real party in interest based on the holding in *Board of Trustees of Bay Med. Ctr. v. Humana*, 447 F.3d 1370 (Fed. Cir. 2006). The plaintiff in *Bay Medical*, however, was a contracted network provider seeking to collect privately negotiated amounts *in excess of* any government liability under a private agreement. Since Humana's payment obligations in *Bay Medical* were separate from the TRICARE regulatory payment provisions, the court held that the Government was not the real party in interest. *See* Health Net's Reply Brief at 10-11.

Unlike *Bay Medical*, there are no allegations here that Health Net agreed to reimburse hospitals at rates that exceed what the federal regulations mandate. Rather, Health Net's payments track and are subject to TRICARE's regulations. As a result, *Bay Medical* is inapposite to this dispute.

## IV. THE GOVERNMENT IS A NECESSARY AND INDISPENSABLE PARTY TO THIS CASE

The Government is also incorrect in its assertion that it is not a necessary and indispensable party to this litigation. As explained above, the Government's arguments relating

to whether it is a proper party are not entitled to any deference by this Court. *See Murphy Exploration*, 252 F.3d at 478-79.

The Government claims that it is not a necessary party because "there is no risk that the United States' ability to protect its interest will be impaired or impeded" in this litigation. Statement of Interest at 11-12. The Government further claims that it "would not be bound by this Court's interpretation of private contracts . . . ." Statement of Interest at 12. The Government's arguments, however, ignore that there is no private contract between Health Net and Plaintiffs to interpret. Plaintiffs' claim of breach of an implied-in-fact contract is based on the claim that Health Net has not abided by the regulation governing the payment of facility charges. Pl. Br. at 26. Those regulations are incorporated into Health Net's MCS Contract with the TMA. As a result, the Court cannot interpret Health Net's obligations to the Plaintiffs without also interpreting Health Net's obligations to the Government under the MCS Contract. Therefore, there is a substantial risk that the Government's ability to protect its interest will be impaired if it is not a party to this action. *See* Fed. R. Civ. P. 19(a)(2)(i).

In addition, the Government is also an indispensable party under Rule 19(b). Plaintiffs seek to adjudicate the interests of the United States under the MCS Contract by defining Health Net's obligation to make payments under the contract that are passed on to the Government. To proceed in the Government's absence in such a situation would require the adjudication of the MCS Contract without one of the parties to the contract – the United States. Clearly, Rule 19 does not permit such a result. *See Enterprise Mgmt. Consultants v. United States*, 883 F.2d 890, 894 (10th Cir. 1989) ("[n]o procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable") (internal quotations and citations omitted).

## **CONCLUSION**

The Government's Statement of Interest makes clear that the very premise of Plaintiffs' lawsuit – that they are entitled to billed charges for services covered by CMACs – is a fallacy. The Government's interpretation of its payment regulation is entitled to substantial deference. As a result, the Court should dismiss Plaintiffs' Complaint with prejudice.

Respectfully submitted,

OF COUNSEL:                       POTTER ANDERSON & CORROON LLP

Arthur N. Lerner                  By: */s/ Richard L. Horwitz*
Kathleen Taylor Sooy                  Richard L. Horwitz (Del. Bar. 2246)
Christopher Flynn                     Jennifer Gimler Brady (Del. Bar 2874)
Tracy A. Roman                        Jennifer C. Wasson (Del. Bar 4933)
CROWELL & MORING LLP                  Hercules Plaza, Sixth Floor
1001 Pennsylvania Avenue, N.W.        P.O. Box 951
Washington, D.C. 20004                Wilmington, Delaware 19899-0951
Phone: 202-624-2500                   Phone: 302-984-6000
Facsimile: 202-628-5116               Facsimile: 302-658-1192
                                      rhorwitz@potteranderson.com – Email
                                      jbrady@potteranderson.com – Email
                                      jwasson@potteranderson.com – Email

Dated: October 12, 2007           Attorneys for Defendant
825273/31173                      Health Net Federal Services, LLC

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify this 12th day of October, 2007, that the foregoing **DEFENDANT HEALTH NET FEDERAL SERVICES, LLC'S RESPONSE TO THE STATEMENT OF INTEREST OF THE UNITED STATES** was electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) which will send notification of such filing that the document is available for viewing and downloading via CM/ECF to the following counsel of record:

Matt Neiderman, Esquire
Duane Morris LLP
1100 North Market Street
Suite 1200
Wilmington, DE 19801

/s/ Richard L. Horwitz
Richard L. Horwitz (Del. Bar. 2246)
Jennifer Gimler Brady (Del. Bar 2874)
Jennifer C. Wasson (Del. Bar 4933)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000 - Telephone
(302) 658-1192 - Facsimile
rhorwitz@potteranderson.com – Email
jbrady@potteranderson.com – Email
jwasson@potteranderson.com – Email

*Attorneys for Defendant Health Net Federal Services, LLC*