IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORTHERN MICHIGAN HOSPITALS, INC. and GIFFORD MEDICAL CENTER, INC., *for themselves and on behalf of all other similarly situated class members,*<br><br>Plaintiffs,<br><br>v.<br><br>HEALTH NET FEDERAL SERVICES, LLC, (f/k/a HEALTH NET FEDERAL SERVICES, INC.),<br><br>Defendant. | Civil Action No. 07-39-GMS |

**JOINT STATUS REPORT**

The parties to the above captioned action, by and through their undersigned counsel, submit the following joint status report pursuant to the Court's March 19, 2008 Notice of Scheduling Conference, and state as follows with respect to each agenda item:

1. **Jurisdiction and Service**

    a. **Plaintiffs' Position**

Plaintiffs believe this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332(a)(1) and 28 U.S.C.A. § 1332(d)(2) because HNFS and Plaintiffs are citizens of different states, and the matter in controversy, exclusive of interest and costs, exceeds the sums specified by 28 U.S.C.A. § 1332(a)(1) and 28 U.S.C.A. § 1332(d)(2). Service was properly effected.

### b. Defendant's Position

Defendant Health Net Federal Services, LLC ("Health Net") disagrees that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) and 28 U.S.C. §1332(d)(2). As explained in detail in Health Net's motion to dismiss Plaintiffs' First Amended Complaint, the United States is a necessary and indispensable party to this litigation pursuant to Fed. R. Civ. P. 19 and is also real party in interest in this litigation. If the United States is joined as a defendant, the case must be dismissed as breach of implied-in-fact contract claims against the government must be brought exclusively in the Court of Federal Claims if the amount in controversy exceeds $10,000. *See* 28 U.S.C. §1491(a)(1).

### 2. Substance of the Action

### a. Factual and Legal Bases for Plaintiffs' Claims

This case arises out of Defendant's failure to pay Plaintiffs and members of the class for Facility Charges associated with certain hospital outpatient services. Facility Charges are defined as "the charge, either inpatient or out patient, made by a hospital or other institutional provider to cover the overhead costs of providing the service. These costs would including building costs, i.e. depreciation and interest; staffing costs; drugs and supplies; and overhead costs, i.e. utilities, housekeeping, maintenance, etc." See 32 CFR §199.2(b)

Plaintiffs and class members are hospitals that do not have written network contracts with the Defendant but who nonetheless provided hospital outpatient services to individuals who are beneficiaries of TRICARE (which is the healthcare program established by the Department of Defense ("DOD") for the purpose, among other things, of providing for the administration of health care services to dependants of military personnel and retirees and their dependents). Defendant, and not the United States[1], is obligated to pay Plaintiffs and the class members because it has entered into a Managed Care Support contract with TRICARE, whereby it operates a TRICARE managed health care network and is responsible for paying for the health care of the TRICARE beneficiaries in its region.

Count I asserts that based on the conduct of the parties and regulations promulgated by DOD, a contract implied-in-fact existed between Plaintiff and the Defendant and that claims submitted by Plaintiffs and the class members were to be paid by Defendant consistent with those DOD regulations. Plaintiffs and the class members rendered the hospital outpatient services and duly submitted their claims to

---

[1]   *See* Statement of Interest of the United States.

2

Defendant for payment. In so doing, Plaintiff reasonably relied upon and expected Defendant to reimburse them for the Facility Charges associated with certain hospital outpatient services pursuant to 32 CFR §199.14(a)(5). Defendant, in failing to do so, have breached the contract implied-in-fact.

Count II asserts that Plaintiffs and the class members provided hospital outpatient services and duly submitted claims for these services to Defendant, who benefited from having Plaintiffs and the class members render such services to the TRICARE beneficiaries. Notwithstanding, Defendant has failed to pay Plaintiffs and the class members and continue to fail to pay Plaintiff and the class members for the Facility Charges associated with these services as billed.. As a result, Defendant has been unjustly enriched.

### b.    Factual and Legal Bases for Defendant's Defenses

The factual and legal bases for Health Net's defenses are set forth in detail in its motion to dismiss, which has been fully briefed and awaits disposition by this Court. As Health Net explained in its moving papers, Plaintiffs' First Amended Complaint is a challenge to the manner in which the United States government pays certain TRICARE outpatient hospital claims submitted to Health Net, one of the government contractors that processes those claims. The Plaintiffs, two hospitals located in Michigan and Vermont, brought a putative class action seeking additional compensation for outpatient hospital services allegedly provided to beneficiaries of the TRICARE program. Yet, as both Health Net and the United States have pointed out in their briefs to this Court, the Plaintiffs are not due any additional payments from Health Net.

Plaintiffs, non-contracted hospitals providing outpatient services to TRICARE beneficiaries, are paid maximum "allowable charge[s]" set by the TRICARE program for the outpatient services they provide to beneficiaries. Plaintiffs allege that, in addition to the maximum allowable charge amount, they are also entitled to "facility charges" for a each outpatient service they provide. The TRICARE regulations do not support this assertion. In fact, in its Statement of Interest to this Court, the United States explained that Plaintiffs "misrepresented the DoD's interpretation of [its] own regulations" in claiming entitlement to additional sums from Health Net for outpatient services rendered to TRICARE beneficiaries.

Setting aside Plaintiffs' inaccurate interpretation of the regulations governing this dispute, Plaintiffs' claims are also defective because Plaintiffs failed to exhaust the administrative remedies set forth in the TRICARE appeals process prior to seeking redress in this Court. The TMA, the agency that promulgated the regulations in dispute, has previously explained to this Court that Plaintiffs should be required to

3

exhaust their administrative remedies because there are several factual issues that Plaintiffs failed to appeal prior to seeking redress in this Court.

In addition, Plaintiffs' claims are deficient as they failed to join the United States, a necessary and indispensable party under Rule 19 of the Federal Rules of Civil Procedure. Plaintiffs seek to adjudicate the interests of the United States under its agreement with Health Net without joining the government as a party. Since the United States will clearly be affected by the determination of this action, it is indispensable to the resolution of this dispute.

The United States is also a real party in interest in this litigation because only its funds are at risk. Moreover, in the unlikely event that there is a finding that Plaintiffs are entitled to additional reimbursement under their theory of recovery, TRICARE beneficiaries would, in turn, be liable for increased deductibles and co-pays. This fact necessitates a finding that the United States is a real party in interest.

Finally, the Plaintiffs have failed to plead properly their claims for breach of an implied-in-fact contract and for unjust enrichment. Plaintiffs have not asserted the required elements of either claim. For example, Plaintiffs essentially contend that Health Net's promise to perform a preexisting legal obligation amounts to consideration in support of its implied-in-fact contract claim. As a matter of fact, it does not. In addition, Plaintiffs have not adequately pled a claim for unjust enrichment as no benefit has been confirmed on Health Net as a result of the complained of acts. As a result, Plaintiffs' claims against Health Net should be dismissed for this reason as well.

### 3. Identification Of Issues

#### a. Plaintiffs' Position

From Plaintiffs' perspective, the factual and legal issues that flow from the claims that they have asserted, are as follows: (i) Plaintiffs believe it is undisputed that the Defendant is required to pay as billed Facility Charges for certain hospital outpatient services rendered by the Plaintiffs; however, the scope and extent to which Plaintiffs were denied reimbursement for properly billed Facility Charges associated with certain hospital outpatient services remains to be determined; (ii) whether an implied contract exists between Plaintiffs and Defendant; (iii) whether Defendant breached that implied contract when it failed to pay Plaintiffs for the Facility Charges associated with certain hospital outpatient services pursuant to 32 CFR §199.14(a)(5); (iv) whether Defendant benefited from the hospital outpatient services that Plaintiffs provided to TRICARE beneficiaries; (vi) whether Defendant was unjustly enriched by its failure to pay Plaintiffs for their Facility Charges associated with certain hospital

outpatient services pursuant to 32 CFR §199.14(a)(5); and (vii) whether 32 C.F.R. § 199.14(a)(5) requires Defendants to reimburse the Facility Charges associated with certain hospital outpatient services, as billed.

        b.        **Defendant's Position**

From Health Net's perspective, the dispositive legal issue in dispute is whether the Plaintiffs are entitled to more than the maximum "allowable charge" permitted by the TRICARE regulations for outpatient services provided to program beneficiaries. As Health Net explained in its moving papers and the United States in its Statement of Interest, Plaintiffs are not entitled to any additional compensation for the services rendered to TRICARE beneficiaries. In addition to the above, additional issues include whether the Plaintiffs billed Health Net for the "facility charges" they now seek; whether such claims were coded correctly; and whether such claims were timely submitted to Health Net.

    **4.**    **Narrowing Of Issues**

        a.        **Plaintiffs' Position**

Defendant has filed motions to dismiss, which Plaintiffs have opposed and which are fully briefed. From Plaintiffs' perspective, that motion should be denied and the issues are as described above.

        b.        **Defendant's Position**

Health Net believes that the motion to dismiss should resolve all the issues in this litigation, as it is clear that Plaintiffs are not entitled to any relief under the claims pled in their First Amended Complaint.

    **5.**    **Relief**

        a.        **Plaintiffs' Position**

Plaintiff seeks relief in the form of unpaid Facility Charges and interest, which Plaintiffs estimate will exceed $100 million.

        b.        **Defendant's Position**

Health Net seeks the dismissal of Plaintiffs' First Amended Complaint in its entirety with prejudice and such other and further relief as the Court deems appropriate.

6. **Amendment Of Pleadings**

   a. **Plaintiffs' Position**

   No amendment to the pleadings is contemplated at this time; however, if any portion of Defendant's pending motion to dismiss is granted, Plaintiffs would want the opportunity to amend the Complaint at that time.

   b. **Defendant's Position**

   If the Court grants the pending motion to dismiss, the Court should not allow Plaintiffs to amend their complaint further because it would be futile to do so.

7. **Joinder Of Parties**

   a. **Plaintiffs' Position**

   Plaintiffs do not anticipate joining additional parties at this juncture nor do Plaintiffs think, as set forth more fully in their briefing on the motion to dismiss, that it is necessary to join any additional parties to this litigation, including but not limited to the United States Government, which has filed a Statement of Interest denying the Defendant's assertion that the United States government in an indispensable party.

   b. **Defendant's Position**

   Health Net submits that the Court should join the United States as a party because it is necessary and indispensable to the resolution of this dispute and is a real party in interest in this action. While the government opposes joinder, it is not entitled to any deference regarding whether it should be a party to this dispute.

8. **Discovery**

   a. **Plaintiffs' Position**

   Plaintiffs believe that discovery will require, among other information, obtaining the identification of all Non-Network Participating Hospitals in the TRICARE North Region, specific details concerning the claims submitted by Non-Network Participating Hospitals and any denials of those claims and Defendant's policies and practices concerning the payment of Facility Charges. Plaintiffs contemplate requests for production of documents, depositions of various Defendant's representatives, representatives of third parties, including but not limited to TRICARE and Defendant's payment clearinghouse, and certain other fact witnesses, interrogatories,. requests for admissions and third party subpoenas.

Based upon counsel for Plaintiffs' experience, Plaintiffs believe that fact discovery, including class discovery, will require at least 120 days, with additional time of approximately 120 days for expert discovery thereafter.

      b.      **Defendant's Position**

Health Net believes discovery should be stayed until the adjudication of the pending motion to dismiss. The issues raised in that motion are legally dispositive and, as the United States has explained in its brief, based on a complete misinterpretation of the relevant TRICARE regulatory authority.

To the extent, however, that discovery is necessary at some juncture, Health Net anticipates conducting discovery to demonstrate that the Plaintiffs have not billed Health Net for the "facility charges" they now claim to be due. In addition, Health Net would engage in thorough discovery regarding whether the Plaintiffs bill for "facility changes' outside of the TRICARE program. In addition, Health Net will, if necessary, propound interrogatories, requests for production, requests for admission, third party subpoenas and seek depositions of the Plaintiffs' corporate representatives.

Health Net also proposes that there should be a 30-60 day period limited to discovery on the issue of whether Plaintiffs properly billed Health Net for Facility charges since this issue is dispositive of Plaintiffs' claims. In the event that Plaintiffs adduce evidence that they did bill properly for facility charges, Health Net respectfully submits that the Court permit both merits and class discovery to proceed for a period of at least 270 days, followed by 90 days for expert discovery.

      **9.**      **Estimated Trial Length**

      a.      **Plaintiffs' Position**

The Plaintiffs expect that a trial in this matter can be completed within 4 to 5 days based on its belief that the parties will be able to reach certain stipulations regarding the Defendant's failure to pay Facility Charges. The parties do not believe at this juncture that the length of a trial can be further reduced by resort to additional stipulations or use of summaries or statements.

      b.      **Defendant's Position**

While Health Net believes that the parties can shorten the length of trial by stipulating to numerous facts that do not appear to be in dispute, Plaintiffs' trial estimate is unrealistic. Health Net believes it will take 15 trial days to complete the trial of this action. Plaintiffs' claims will require testimony and exhibits from numerous witnesses and exhibits from the representative plaintiffs, from what may be

several subclasses. In addition, there will likely be numerous witnesses from Health Net, the TRICARE management authority as well as experts on liability, damages and claims processing.

### 10. Jury Trial

Plaintiffs have requested a jury trial.

### 11. Settlement

#### a. Plaintiffs' Position

Although the parties have engaged in some preliminary settlement discussions, those discussions have not been fruitful; however, the Plaintiffs believe that mediation could prove beneficial.

#### b. Defendant's Position

Health Net does not believe that mediation will aid in the settlement of the dispute at this juncture, but Health Net would not object to the referral of this case to a Magistrate for mediation, to occur at a later stage of the case, if needed.

### 12. Other Matters

Prior to the onset of discovery, the parties believe that a Protective Order is necessary to ensure that protected health information of TRICARE beneficiaries is not disclosed to third parties that are not subject to the terms of such an Order. The parties will submit a draft Protective Order for the Court's review and approval forthwith.

### 13. Certification

The parties to this action, by their undersigned counsel, hereby certify that they have conferred with respect to each of the above matters.

| | |
|---|---|
| **DUANE MORRIS LLP** | **POTTER ANDERSON & CORROON LLP** |
| /s/  Matt Neiderman | /s/ Jennifer Gimler Brady |
| Matt Neiderman (Del. No. 4018) | Richard L. Horwitz (Del. No. 2246) |
| 1100 N. Market St., Suite 1200 | Jennifer Gimler Brady (Del. No. 2874) |
| Wilmington, Delaware 19801 | Hercules Plaza, Sixth Floor |
| 302.657.4900 | 1313 North Market Street |
| 302.657.4901 *fax* | P.O. Box 951 |
| mneiderman@duanemorris.com | Wilmington, Delaware 19899-0951 |
| | 302.984.6000 |
| John J. Soroko | 302.658.1192 *fax* |
| Seth A. Goldberg | rhorwitz@potteranderson.com |
| DUANE MORRIS LLP | jbrady@potteranderson.com |
| 30 South 17th St. | |
| Philadelphia, PA 19103 | Kathleen Taylor Sooy |
| 215.979.1000 | Christopher Flynn |
| 215.979.1020 *fax* | CROWELL & MORING LLP |
| jsoroko@duanemorris.com | 1001 Pennsylvania Avenue, N.W. |
| sgoldberg@duanemorris.com | Washington, D.C. 20004 |
| | 202.624-2500 |
| | 202.628.5116 *fax* |
| Michael R. Gottfried | ksooy@crowell.com |
| Patricia R. Rich | cflynn@crowell.com |
| DUANE MORRIS LLP | |
| 470 Atlantic Avenue | *Attorneys for Defendant Health Net Federal Services, LLC* |
| Boston, MA 02210 | |
| 857-488-4200 | |
| 857-488-4201 *fax* | |
| mgottfried@duanemorris.com | |
| prich@duanemorris.com | |
| | |
| Gregory A. Brodek | |
| DUANE MORRIS LLP | |
| 88 Hammond Street, Suite 500 | |
| Bangor, ME 04401 | |
| 207-262-5400 | |
| gbrodek@duanemorris.com | |
| | |
| *Attorneys for Plaintiffs* | |

**CERTIFICATE OF SERVICE**

  I, Matt Neiderman, hereby certify that on March 24, 2008, I caused a copy of the Joint Status Report to be served upon the following counsel of record via e-filing:

> Jennifer Gimler Brady, Esq.
> Potter, Anderson, & Corroon LLP
> 1313 N. Market Street
> 6th Floor
> Wilmington, Delaware 19899

> /s/ Matt Neiderman
> Matt Neiderman (Del. I.D. No. 4018)